[Cite as *State v. Taylor*, 2019-Ohio-1105.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J |
| Plaintiff – Appellee | Hon. Patricia A. Delaney, J.<br>Hon., Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 18CA60 |
| LACARIO TAYLOR | |
| Defendant – Appellant | O P I N IO N |


CHARACTER OF PROCEEDINGS:      Appeal from the Richland County Court of
Common Pleas, Case No. 2017-CR-0474


JUDGMENT:                       Affirmed

DATE OF JUDGMENT ENTRY:         March 26, 2019


APPEARANCES:


For Plaintiff-Appellee                    For Defendant-Appellant

GARY BISHOP                               DARIN AVERY
PROSECUTING ATTORNEY                      105 Sturges Avenue
RICHLAND COUNTY, OHIO                     Mansfield, Ohio  44903

JOSEPH C. SNYDER
Assistant Prosecuting Attorney
38 South Park Street
Mansfield,  Ohio  44902

*Hoffman, P.J.*

{¶1}   Appellant Lacario Taylor appeals the judgment entered by the Richland County Common Pleas Court convicting him of trafficking in heroin (R.C. 2925.03(A)(1)) and trafficking in a counterfeit controlled substance (R.C. 2925.37(B)) and sentencing him to eleven months incarceration.  Appellee is the state of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2}   On September 23, 2016, Detective Mark Perkins of the Danville Police Department arranged a controlled heroin buy between a confidential informant and Appellant.  The informant called Appellant and arranged to buy half a gram of heroin for $50.  She had purchased heroin from Appellant many times prior to this date.  She was wired with recording equipment and given money for the purchase.

{¶3}   When the informant arrived at the address where she was to meet Appellant, he gave her a package of what she believed to be heroin.  Appellant told her the heroin was potent, and therefore sold her only .2 grams for $50.  In fact, the suspected drugs, weighing .23 grams, later tested to be Benadryl, not a controlled substance.

{¶4}   Appellant was indicted by the Richland County Grand Jury with trafficking in heroin and trafficking in a controlled substance.

{¶5}   The state filed discovery on August 10, 2017, identifying one witness by a confidential informant number only.  The witness was marked with a double asterisk, and below the list of witnesses, also marked by a double asterisk and in bold print, the state represented, "Disclosure of the name and address of this witness may subject him, her or others to physical or substantial economic harm or coercion."

{¶6} On July 3, 2018, three days prior to trial, the state filed a supplement to discovery, stating the confidential informant's address and adult felony convictions had been provided to Appellant, marked "for counsel only."

{¶7} At a hearing on July 5, 2018, Appellant made an oral motion to prevent the informant from testifying on the grounds counsel just received the paperwork concerning the informant at noon on July 3, 2018, and did not have time to check her prior record. He argued it appeared she was doing felony time in prison, so her whereabouts were not in question, and the discovery was late.

{¶8} In response, the state argued it was concerned for her safety because she represented Appellant was part of a gang and had been to her home and her parents' home. The state represented she had only recently been incarcerated, and until then was out in the community. The prosecutor stated he did not receive her name until Monday afternoon, and released it to counsel for Appellant the next day.

{¶9} The court noted Appellant failed to file a motion under Criminal Rule 16 regarding information on the informant. The court overruled Appellant's motion.

{¶10} The case proceeded to jury trial. Appellant was found guilty of both charges. The court merged the convictions and sentenced Appellant on count one, trafficking in heroin, to eleven months incarceration, to be served consecutively with a conviction on which he was serving a prison sentence at the time of trial. It is from the July 9, 2018 judgment of conviction and sentence Appellant's prosecutes this appeal, assigning as error:

I.  THE TRIAL COURT ERRED IN ADMITTING THE TESTIMONY OF A CONFIDENTIAL INFORMANT WHOSE IDENTITY THE STATE WITHHELD UNTIL ONE BUSINESS DAY PRIOR TO TRIAL.

II. THE JURY'S FINDING THAT DEFENDANT VIOLATED R.C. 2925.37(B) WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BECAUSE THE STATE PRESENTED NO EVIDENCE THAT DEFENDANT KNEW HE WAS SELLING A COUNTERFEIT CONTROLLED SUBSTANCE.

III. THE JURY'S FINDING THAT DEFENDANT VIOLATED R.C. 2925.03(A)(1) WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BECAUSE THE STATE PRESENTED NO ACTUAL WORDS DEFENDANT [SIC]THAT SIGNIFIED AN OFFER TO SELL.

I.

{¶11} Appellant argues the court erred in admitting the testimony of the confidential informant because the State withheld the identity of the informant until one business day before trial.

{¶12} The granting or overruling of discovery motions in a criminal case rests within the sound discretion of the court. *State v. Hebdon,* 12th Dist. Butler No. CA2012-03-052, 2013-Ohio-1729, ¶46. Abuse of discretion is more than an error of law or judgment; it implies the trial court's decision was unreasonable, arbitrary or unconscionable. *Id.,* citing *State v. Adams,* 62 Ohio St.2d 151, 157 (1980).

**{¶13}** Crim. R. 16(D) provides a mechanism whereby the State can withhold the identity of a witness from the defense during discovery:

> **(D) Prosecuting Attorney's Certification of Nondisclosure.** If the prosecuting attorney does not disclose materials or portions of materials under this rule, the prosecuting attorney shall certify to the court that the prosecuting attorney is not disclosing material or portions of material otherwise subject to disclosure under this rule for one or more of the following reasons:
>
> (1) The prosecuting attorney has reasonable, articulable grounds to believe that disclosure will compromise the safety of a witness, victim, or third party, or subject them to intimidation or coercion;
>
> (2) The prosecuting attorney has reasonable, articulable grounds to believe that disclosure will subject a witness, victim, or third party to a substantial risk of serious economic harm.

**{¶14}** Appellant argues for the first time on appeal the State failed to certify the nondisclosure to the court in accordance with this rule. Although the State did not file a document specifically designated as a certification of nondisclosure, the State did disclose a confidential informant on the list of witnesses for trial, with a notice in bold print stating, "Disclosure of the name and address of this witness may subject him, her or others to physical or substantial economic harm or coercion."

**{¶15}** Although the staff notes to the 2010 version of the rule state the certification must be written, Ohio courts have found as long as the reason satisfies one of the criteria set forth in the rule, even oral certification set forth at a hearing on nondisclosure of material required to be produced in discovery will suffice as proper certification under Crim. R. 16(D). *See State v. Davenport,* 1st Dist. Hamilton No. C-130307, 2014-Ohio-2800, ¶38; *State v. Hebdon,* 12th Dist. Butler Nos. CA2012–03–052 and CA2012–03–062, 2013–Ohio–1729, ¶ 49; *State v. Thompson,* 6th Dist. Lucas Nos. L–08–1208 and L–09–1214, 2011–Ohio–5046, ¶ 128; *State v. Collins,* 8th Dist. Cuyahoga No. 89529, 2008–Ohio–578, ¶ 58.

**{¶16}** We find the State's certification in its notice to the court of discovery, filed August 10, 2017, nearly eleven months before trial, was sufficient compliance with Crim. R. 16(D). Once the State properly certified its reason for nondisclosure, it was incumbent upon Appellant to invoke the review process set forth in Crim. R. 16(F), which states:

**(F) Review of Prosecuting Attorney's Certification of Non-Disclosure.** Upon motion of the defendant, the trial court shall review the prosecuting attorney's decision of nondisclosure or designation of "counsel only" material for abuse of discretion during an *in camera* hearing conducted seven days prior to trial, with counsel participating.

(1) Upon a finding of an abuse of discretion by the prosecuting attorney, the trial court may order disclosure, grant a continuance, or other appropriate relief.

(2) Upon a finding by the trial court of an abuse of discretion by the prosecuting attorney, the prosecuting attorney may file an interlocutory appeal pursuant to division (K) of Rule 12 of the Rules of Criminal Procedure.

(3) Unless, for good cause shown, the court orders otherwise, any material disclosed by court order under this section shall be deemed to be "counsel only" material, whether or not it is marked as such.

(4) Notwithstanding the provisions of (E)(2), in the case of a statement by a victim of a sexually oriented offense less than thirteen years of age, where the trial court finds no abuse of discretion, and the prosecuting attorney has not certified for nondisclosure under (D)(1) or (D)(2) of this rule, or has filed for nondisclosure under (D)(1) or (D)(2) of this rule and the court has found an abuse of discretion in doing so, the prosecuting attorney shall permit defense counsel, or the agents or employees of defense counsel to inspect the statement at that time.

(5) If the court finds no abuse of discretion by the prosecuting attorney, a copy of any discoverable material that was not disclosed before trial shall be provided to the defendant no later than commencement of trial. If the court continues the trial after the disclosure, the testimony of any witness shall be perpetuated on motion of the state subject to further cross-examination for good cause shown.

{¶17} Appellant failed to invoke this process for review of the State's certification, instead waiting to object until the state had disclosed the identity of the informant. When Appellant raised the issue by oral motion the day before trial, he did not raise any claim the State failed to properly certify the reason for nondisclosure, nor did he argue the prosecutor abused his discretion in failing to disclose the informant's identity. He argued solely the witness should not be permitted to testify based on late disclosure because of his inability to check the accuracy of the informant's prior criminal record as provided by the state. Appellant further did not file a motion to continue the case to allow further investigation into the informant once her identity had been disclosed. We find the trial court did not abuse its discretion in overruling Appellant's motion based on his failure to comply with Crim. R. 16(F).

{¶18} The first assignment of error is overruled.

## II., III.

{¶19} Appellant argues the judgment of conviction of trafficking in heroin is against the manifest weight of the evidence because he did not use the word "heroin" during the phone call setting up the controlled buy, and the judgment convicting him of trafficking in a counterfeit controlled substance is against the manifest weight of the evidence because the evidence did not establish he knew the substance was counterfeit.

{¶20} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and

a new trial ordered.'" *State v. Thompkins*, 78 Ohio St. 3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, quoting *State v. Martin*, 20 Ohio App. 3d 172, 175, 485 N.E.2d 717 (1983).

{¶21} Appellant was convicted of trafficking in heroin in violation of R.C. 2925.3(A)(1), which provides no person shall "[s]ell or offer to sell a controlled substance or a controlled substance analog." He was also convicted of trafficking in a counterfeit substance in violation of R. C. 2925.37(B), which states, "No person shall knowingly make, sell, offer to sell, or deliver any substance that the person knows is a counterfeit controlled substance."

{¶22} At oral argument, Appellant's counsel conceded his arguments concerning the weight of the evidence are without merit if we overrule his first assignment of error concerning the admissibility of the testimony of the informant. We agree.

{¶23} As to his argument he did not use the word "heroin" on the tape of the phone call setting up the buy, the informant testified she had been buying heroin from Appellant for a while. Her understanding of the phone conversation was she would purchase .5 grams of heroin, or a "half," from Appellant for $50. She admitted they did not specifically discuss heroin on the phone, but the only reason she would call Appellant is to set up a purchase of heroin. From her testimony, we find the jury did not lose its way in finding Appellant offered to sell the informant heroin, despite lack of the use of the word "heroin" in the phone call arranging the subsequent purchase/sale.

{¶24} The informant testified Appellant was an experienced dealer and she was an experienced buyer, having purchased heroin from Appellant and others in the past. The informant believed she was purchasing .5 grams of heroin from Appellant for $50. When she arrived, he would only sell her .2 grams for $50 because he said the drug was

too strong.  The drug ultimately was determined to be Benadryl.  From the informant's testimony Appellant changed the amount he was willing to sell her for $50 based on a claim the drug was more potent, the jury could conclude Appellant attempted to dissuade her from questioning the drug's authenticity, and therefore he knew the drug was counterfeit.

{¶25}  We find the convictions are not against the manifest weight of the evidence. The second and third assignments of error are overruled.

{¶26}  The judgment of the Richland County Common Pleas Court is affirmed.

By: Hoffman, P.J.

Delaney, J.  and

Baldwin, J. concur